UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA EDNA HODGE-STEPHENS,<br><br>                             Plaintiff,<br><br>-against-<br><br>MCNALLY INTERNATIONAL CORP.;<br>FRANK MCNALLY,<br><br>                            Defendants. | 24-CV-9293 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in the Bronx, New York, brings this *pro se* action invoking the Court's diversity jurisdiction. She names as Defendants McNally International, a Canadian company, and Frank McNally, who Plaintiff describes as a Chief Executive Officer working in New Jersey. The underlying state law claims concern a 2006 accident that occurred in Brooklyn, Kings County, New York, and subsequent civil litigation in New York Supreme Court, Kings County. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

### DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

      Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on October 16, 2006, she "was injured in [a] truck accident with McNally International Corp. driver" in Brooklyn, New York.[1] (ECF 1, at 5.) Following this alleged incident, Plaintiff pursued civil relief in New York State Supreme Court, Kings County, where she was represented by counsel. At some point, her lawyer "did not file Satisfaction of Judgment for Federal Motor Carrier Safety Admin., Public Liability Insurance and enforce judg[]ment approximately $29 million dollar, and other compensatory damages." (*Id.*)

Plaintiff now files this action seeking relief from Canadian company McNally International and Frank McNally, who presumably is a Chief Executive Office at one of the corporation's offices. Venue in this district, however, is not proper under Section 1391(b)(1) or (2). First, although Plaintiff does not plead the residence of Defendant Frank McNally, it is clear that all defendants do not reside in the State of New York, as McNally International is a Canadian company. Second, no events or omissions occurred in this district. Rather, the alleged events occurred in Brooklyn. Thus, from the face of the complaint, it is clear that venue is not proper in the Southern District of New York under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brooklyn, Kings County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court directs the Clerk of Court to terminate the motion seeking the appointment of counsel. (ECF 5.)

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 18, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge